IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO BLANDINO,<br><br>    Plaintiff,<br><br>  v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT OFFICERS,<br><br>    Defendants. | No. C 10-4529 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>(Docket No. 3) |

## INTRODUCTION

Plaintiff, an inmate in the Yuba County Jail, has filed a pro se civil rights complaint against officers of the Department of Immigration and Customs Enforcement ("ICE") pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392-97 (1971) (implying private right of action for allegations of constitutional violations made against federal employees or their agents). Plaintiff's motion to proceed in forma pauperis is granted in a separate order. In this order, the Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismisses it with leave to amend within thirty days, and denies Plaintiff's motion for appointment of counsel (docket number 3).

## DISCUSSION

I    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners

seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

II.  Legal Claims

Plaintiff claims that ICE officers violated his constitutional rights to due process, to equal protection, and to be free from unlawful searches and seizures. However, Plaintiff does not name or otherwise identify any Defendant, except to say they are ICE officers. Without sufficient identifying information, at a minimum their names and locations, Defendants cannot be served with process. Plaintiff must promptly take steps

2

to discover the names of the unnamed defendants and provide that information to the Court in an amended complaint. The burden remains on the Plaintiff and the Court will not undertake to investigate the names and identities of unnamed defendants.

Plaintiff will be provided with thirty days in which to file an amended complaint to correct this deficiency.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above. Plaintiff shall file an amended complaint within ***thirty (30) days from the date of this order*** in which he provides sufficient information to identify and locate the Defendants, including at a minimum their names and place of employment. The amended complaint must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page. Failure to amend within the designated time will result in dismissal of the complaint.

2. Plaintiff is advised that an amended complaint supercedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Also, defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

//
//

1        4. Plaintiff's motion for appointment of counsel is DENIED for want of
exceptional circumstances (docket number 3).

      IT IS SO ORDERED.

DATED: November 30, 2010

*Jeffrey S. White*

JEFFREY S. WHITE
United States District Judge

4

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE | |
| NORTHERN DISTRICT OF CALIFORNIA | |

ROBERTO X. BLANDINO,

      Plaintiff,

  v.

IMMIGRATION & CUSTOMS et al,

      Defendant.
      _____/

Case Number: CV10-04529 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 30, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roberto X. Blandino
A077223173
ICE Detention Facility
215 5th Street
Marysville, CA 95901-0029

Dated: November 30, 2010

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk