IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO BLANDINO, | No. C 10-4529 JSW (PR) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| IMMIGRATION AND CUSTOMS ENFORCEMENT OFFICERS, | |
| Defendants. | |

## INTRODUCTION

Plaintiff, an inmate in the Yuba County Jail, filed a pro se civil rights complaint against officers of the Department of Immigration and Customs Enforcement ("ICE") pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 392-97 (1971) (implying private right of action for allegations of constitutional violations made against federal employees or their agents). The Court reviewed the complaint and dismissed it because Plaintiff did not name any of the Defendants whom he alleged violated his civil rights. Plaintiff was given leave to file an amended complaint identifying the allegedly culpable Defendants. Plaintiff filed a timely amended complaint, which the Court now reviews. For the reasons described below, this case is dismissed without prejudice.

//

//

**DISCUSSION**

I       Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

II.      Legal Claims

In the amended complaint, Plaintiff claims that ICE officers used excessive force against him and violated his constitutional rights to due process, to equal protection, and to be free from unlawful searches and seizures. The original complaint set forth the same claims but, as noted above, did not identify any Defendant by name. He simply

2

stated that they were ICE officers.  The Court informed Plaintiff that without sufficient identifying information, at a minimum their names and locations, Defendants cannot be served with process.  Therefore, he was instructed to promptly take steps to discover the names of the unnamed Defendants, and to provide that information to the Court in an amended complaint.

Plaintiff's amended complaint still does not name the ICE officers who allegedly violated his civil rights.  He names one person as a defendant, Timothy S. Aiken, but he does not allege any conduct by Aiken whatsoever, let alone any conduct that proximately caused the alleged violation of his civil rights.  Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Moreover, to whatever extent Aiken is an ICE supervisor, he is not liable for the conduct of his subordinates simply by his position as their supervisor.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there respondeat superior liability in civil rights action); *accord Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (same).

The individuals whom Plaintiff alleges violated his civil rights by using excessive force against him, housing him in the general population, and discriminating against him, are still unnamed.  Therefore, Plaintiff has failed to correct the deficiency in his complaint, as he was ordered to do.  Accordingly, this action will be dismissed.  The dismissal will be without prejudice to Plaintiff filing his claims in a complaint filed in a new case in which Plaintiff provides the names of the individuals who allegedly used excessive force against him and otherwise violated his constitutional rights.

3

|   |   |
|---|---|
| 1 | **CONCLUSION** |
| 2 | For the foregoing reasons and for good cause shown, this action is DISMISSED |
| 3 | without prejudice. |
| 4 | The Clerk shall close the file and enter judgment in favor of Defendants. |
| 5 | IT IS SO ORDERED. |
| 6 | DATED: February 10, 2011 |

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO X. BLANDINO,<br><br>            Plaintiff,<br><br>    v.<br><br>IMMIGRATION & CUSTOMS et al,<br><br>            Defendant.                                    / | Case Number: CV10-04529 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 10, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Roberto X. Blandino
A077223173
ICE Detention Facility
215 5th Street
Marysville, CA 95901-0029

Dated: February 10, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk